1  Paul Swen Prior
   Nevada Bar No. 9324
2  Holly E. Cheong
   Nevada Bar No. 11936
3  SNELL & WILMER L.L.P.
   3883 Howard Hughes Parkway, Suite 1100
4  Las Vegas, Nevada 89169
   Telephone: (702) 784-5200
5  Facsimile: (702) 784-5252
   Email: sprior@swlaw.com
6  Email: hcheong@swlaw.com

7  Attorneys for Defendant
   Allegiant Air, LLC
8

9                    UNITED STATES DISTRICT COURT

10                       DISTRICT OF NEVADA

11  BRIAN JOHNSON, an individual            CASE NO.:

12                        Plaintiff,        NOTICE OF REMOVAL

13  v.

14  ALLEGIANT AIR. LLC; a Nevada
    Limited Liability Company and DOES I
15  through X, inclusive, and ROE
    CORPORATIONS I-X, inclusive
16

17  .                        Defendant

18

19  **TO THE HONORABLE JUDGES OF THE ABOVE-ENTITLED COURT:**

20      **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1441, and 1446,

21  Defendant ALLEGIANT AIR, LLC, ("Allegiant"), hereby remove to this Court the state court

22  action described below:

23      1.      On or about November 11, 2008, an action was commenced in the Nevada District

24  Court for Clark County entitled *Brian Johnson v. Allegiant Air. LLC*., Case Number A654089,

25  Dept. I.  A true copy of the Complaint is attached hereto as Exhibit A.

26      2.      Apparently Plaintiff personally served a "Mike Bonner" who is a mid-level

27  manager in human resources, for Allegiant and he is not an officer of the company and is not

28  authorized to accept service. Notwithstanding the potential improper service issues, Defendants

agreed with Plaintiff on February 27, 2012, the first date that the Complaint was received by authorized Allegiant agents, and the parties agreed that a "responsive pleading" would be filed on or before Friday, March 2, 2012. The thirty-day period for removal does not begin to run until a party has received a copy of the Complaint and been properly served. *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

3.      This is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441 in that it is a federal question brought under Title VII, 42 U.S.C. 2000e, *et. seq.*, 42 USC § 2000e-5.

4.      Defendants will also timely file a Notice of Removed Action in Nevada District Court, County of Clark, a true and correct copy of which is attached as Exhibit B.

WHEREFORE, Defendant respectfully request that this Court assume full jurisdiction over the cause herein as provided by law, and that all further proceedings in the Nevada District Court, County of Clark, be stayed.

Dated: March 2, 2012          SNELL & WILMER L.L.P.


By: /s/ Holly Cheong
Paul Swen Prior
Nevada Bar No. 9324
Holly E. Cheong
Nevada Bar No. 11936
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV  89169

Attorneys for Defendant
Allegiant Air, LLC

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1

**CERTIFICATE OF SERVICE**

2     I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen

3     (18) years, and I am not a party to, nor interested in, this action.   On this date, I caused to be

4     served a true and correct copy of the foregoing **NOTICE OF REMOVAL** by the method

5     indicated below:

6     _____     U.S. Mail                          _____     Overnight Mail

7     _____     U.S. Certified Mail                _____     Federal Express

8     _____     Facsimile Transmission             _____     Hand Delivery

9     <u>XXXXX</u>     Electronic Service

10    and addressed to the following:

11    Ryan Alexander
      THE FIRM, P.C.
12    200 East Charleston Blvd.
      Las Vegas, NV 89104
13    Phone: (702) 222-3476
      Facsimile: (702) 252-3476
14

15    DATED this 2nd day of March, 2012.

16

17    _____
      An Employee of Snell & Wilmer L.L.P.

18    14608047

19

20

21

22

23

24

25

26

27

28

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

# EXHIBIT A

CIVIL COVER SHEET

A-12-654089-C

Clark County, Nevada

Case No. _____

*(Assigned by Clerk's Office)*          I

## I. Party Information

Plaintiff(s) (name/address/phone): BRIAN JOHNSON

Attorney (name/address/phone):
RYAN ALEXANDER, NV 10845
THE FIRM, PC, 200 E. Charleston Blvd., LAS VEGAS NV 89104
(702) 222-3476 FAX: (702) 252-3476

Defendant(s) (name/address/phone): ALLEGIANT AIR, LLC
8360 S. Durango Dr.
Las Vegas, NV 89113

Attorney (name/address/phone):

## II. Nature of Controversy (Please check applicable bold category and applicable subcategory, if appropriate)

☐ **Arbitration Requested**

### Civil Cases

| Real Property | Torts |
|---|---|

**Real Property**

☐ **Landlord/Tenant**
  ☐ Unlawful Detainer
☐ **Title to Property**
  ☐ Foreclosure
  ☐ Liens
  ☐ Quiet Title
  ☐ Specific Performance
☐ **Condemnation/Eminent Domain**
☐ **Other Real Property**
  ☐ Partition
  ☐ Planning/Zoning

**Torts**

Negligence

☐ **Negligence – Auto**
☐ **Negligence – Medical/Dental**
☐ **Negligence – Premises Liability**
  (Slip/Fall)
☐ **Negligence – Other**

☐ **Product Liability**
  ☐ Product Liability/Motor Vehicle
  ☐ Other Torts/Product Liability
☐ **Intentional Misconduct**
  ☐ Torts/Defamation (Libel/Slander)
  ☐ Interfere with Contract Rights
☒ **Employment Torts** (Wrongful termination)
☐ **Other Torts**
  ☐ Anti-trust
  ☐ Fraud/Misrepresentation
  ☐ Insurance
  ☐ Legal Tort
  ☐ Unfair Competition

| Probate | Other Civil Filing Types |
|---|---|

**Probate**

Estimated Estate Value: _____

☐ **Summary Administration**
☐ **General Administration**
☐ **Special Administration**
☐ **Set Aside Estates**
☐ **Trust/Conservatorships**
  ☐ Individual Trustee
  ☐ Corporate Trustee
☐ **Other Probate**

**Other Civil Filing Types**

☐ **Construction Defect**
  ☐ Chapter 40
  ☐ General
☐ **Breach of Contract**
  ☐ Building & Construction
  ☐ Insurance Carrier
  ☐ Commercial Instrument
  ☐ Other Contracts/Acct/Judgment
  ☐ Collection of Actions
  ☐ Employment Contract
  ☐ Guarantee
  ☐ Sale Contract
  ☐ Uniform Commercial Code
☐ **Civil Petition for Judicial Review**
  ☐ Foreclosure Mediation
  ☐ Other Administrative Law
  ☐ Department of Motor Vehicles
  ☐ Worker's Compensation Appeal

☐ **Appeal from Lower Court** *(also check applicable civil case box)*
  ☐ Transfer from Justice Court
  ☐ Justice Court Civil Appeal
☐ **Civil Writ**
  ☐ Other Special Proceeding
☐ **Other Civil Filing**
  ☐ Compromise of Minor's Claim
  ☐ Conversion of Property
  ☐ Damage to Property
  ☐ Employment Security
  ☐ Enforcement of Judgment
  ☐ Foreign Judgment – Civil
  ☐ Other Personal Property
  ☐ Recovery of Property
  ☐ Stockholder Suit
  ☐ Other Civil Matters

## III. Business Court Requested (Please check applicable category; *for Clark or Washoe Counties only*.)

☐ NRS Chapters 78-88
☐ Commodities (NRS 90)
☐ Securities (NRS 90)

☐ Investments (NRS 104 Art. 8)
☐ Deceptive Trade Practices (NRS 598)
☐ Trademarks (NRS 600A)

☐ Enhanced Case Mgmt/Business
☐ Other Business Court Matters

1/3/12

Date

Signature of initiating party or representative

Electronically Filed
01/03/2012 11:50:28 AM

**CLERK OF THE COURT**

1   RYAN ALEXANDER
    Nevada Bar No. 10845
2   THE FIRM, P.C.
    200 East Charleston Blvd.
3   Las Vegas, NV 89104
    Phone: (702) 222-3476
4   Fax: (702) 252-3476
5   *Attorney for Plaintiff*

6

7

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

8   BRIAN JOHNSON, an Individual          Case No.: A - 1 2 - 6 5 4 0 8 9 - C

9                                                                        I
            Plaintiff,                    **COMPLAINT**
10
        v.                                **CAUSES OF ACTION:**
11                                        1) **Discrimination and Retaliation 42**
    ALLEGIANT AIR, LLC, a Nevada             **U.S.C. §2000e**
12  Limited Liability Company and DOES I   2) **Discrimination and Retaliation**
    through X, inclusive, and ROE             **under NRS 613.330**
13  CORPORATIONS I-X, inclusive           3) **Negligent Infliction of Emotional**
                                             **Distress**
14          Defendant,                     4) **Negligent Hiring, Retention or**
                                             **Supervision**
15
16                                        **JURY DEMAND**

17      COMES NOW, Plaintiff BRIAN JOHNSON ("Plaintiff," "JOHNSON"), by and through his

18  attorney of record, Ryan Alexander, Esq. of THE FIRM, P.C. as and for their complaint against

19  Defendant, ALLEGIANT AIR, LLC, DOES I through X, inclusive, and ROE CORPORATIONS

20  I-X, inclusive (hereinafter collectively referred to as "Defendant"), and hereby complain, allege

21  and state as follows:

22                                        **PARTIES**

23      1.      Plaintiff BRIAN JOHNSON was an employee of Defendant ALLEGIANT AIR,

24  LLC, ("ALLEGIANT") a Nevada limited liability company.

25      2.      Defendant ALLEGIANT is a Nevada corporation doing business as "Allegiant"

26  airlines in Clark County, State of Nevada.

27      3.      The true names and capacities, whether individual, corporate, associate or otherwise

28

1

of other Defendant hereinafter designated as DOES 1-X, inclusive, and/or ROE

CORPORATIONS 1-X, inclusive, who are in some manner responsible for injuries described

herein, are unknown at this time. Plaintiff, therefore, sues said Defendant by such fictitious

names and will seek leave of the Court to amend this Complaint to show their true names and

capacities when ascertained.

4.Upon information and belief, at all times pertinent, Defendant were agents, servants,

employees or joint ventures of every other Defendant herein, and at all time mentioned herein

were acting within the scope and course of said agency, employment, or joint venture, with

knowledge and permission and consent of all other Defendants.

5.The Defendants are jointly and severally liable for each Defendant's actions.

**VENUE AND JURISDICTION**

6.      Plaintiff brings this action under Title VII of the Civil Rights Act of 1964 and NRS

613 to redress the wrong done to them. Such action constituted discrimination on the basis of

sexual orientation and retaliation.

7.      Plaintiff timely submitted charges of discrimination on the basis of sexual orientation

to the Nevada Equal Rights Commission ("NERC").

8.      Plaintiff received notice from the NERC of right to sue within 180 days on or about

July 13, 2011.

**GENERAL ALLEGATIONS**

9.      Plaintiff JOHNSON is an adult male, and was an employee of Defendant ALLEGIANT

until the incident at issue occurred. The Defendant is an employer within the State of Nevada and

within the jurisdictional coverage of NRS 613, *Title VII of the Civil Rights Act* and the *Age*

*Discrimination in Employment Act.*

10.     JOHNSON was hired by ALLEGIANT on or about April 30, 2007 as a customer

relations representative.

11.     During his employment he received two promotions, and each of his reviews report that

THE FIRM, P.C.
200 EAST CHARLESTON BLVD., LAS VEGAS, NV 89104

1   he excelled in each position, including as a "CR representative," "Instructor" and "Manager of

2   Stations Training" within ALLEGIANT.

3       12.   JOHNSON's latest review was received in March 2009, just weeks prior to the start of

4   the events leading to his termination and was "well above average." This review was given by

5   Mr. David Baker, JOHNSON's immediate supervisor and ALLEGIANT Vice President of

6   Station Operations.

7       13.   In April of 2009, JOHNSON was in Los Angeles with two new instructors. He was

8   called and informed by Baker that JOHNSON was being accused of sexually harassing a male

9   student from Fiji named "Sheik" that was attending the training class. JOHNSON was extremely

10   upset and asked Baker for specifics of what he was being accused of, and Baker refused to give

11   JOHNSON any specifics other than that a complaint had come to him directly from an Allegiant

12   Air employee in Los Angeles.

13       14.   JOHNSON asked Baker when he needed to return to Las Vegas and Baker said not to,

14   but to be careful of JOHNSON's language and actions especially any actions or comments

15   regarding his homosexual lifestyle. JOHNSON expressed that he felt he had done nothing

16   wrong and that it would be difficult to manage the training under these circumstances, since it

17   was unclear which "gay" behavior if any was causing any issue.

18

19       15.   JOHNSON returned to the Las Vegas office on May 11, 2009 and was thereafter told

20   by Baker that Baker could not discuss the details of the complaint, but Baker would be able to at

21   a later time and that JOHNSON would have the opportunity to reply. JOHNSON agreed to stay

22   in his position and ran the department as best as he could. Again Baker told JOHNSON to be

23   very careful about JOHNSON's words and "gestures." JOHNSON asked but could not get an

24   answer as to what would be an offensive homosexual gesture. JOHNSON again asked what

25   comments and gestures JOHNSON had used regarding JOHNSON's lifestyle and Baker again

26   refused to give JOHNSON any examples.

27       16.   Shortly after the initial meeting with Baker, JOHNSON received a call from Sheik,

28   whom JOHNSON had allegedly harassed. Sheik stated that he had heard the rumor that

THE FIRM, P.C.
200 EAST CHARLESTON BLVD., LAS VEGAS, NV 89104

1   JOHNSON was being accused of sexually harassing him, and Sheik asked that JOHNSON tell

2   Baker and ALLEGIANT management to call to Sheik because nothing happened, and that Sheik

3   thought that these claims were ridiculous.

4       17.   Los Angeles ASIG Customer Service Manager Jennifer Medrano also told JOHNSON

5   that she confirmed that these allegations were not true, and that JOHNSON had done nothing

6   inappropriate in class.  Medrano had attended every class taught by JOHNSON.   JOHNSON

7   relayed this to Baker and the management. Medrano states that she was never contacted

8   regarding this situation, and that she was not aware of any complaint that had been brought to the

9   attention of ASIG regarding JOHNSON.

10       18.   Upon information and belief, ALLEGIANT never contacted Sheik about the

11   accusation, who was the allegedly the victim of harassment.

12       19.   During the training in Los Angeles, JOHNSON's new employee and instructor Caren

13   Kolb called JOHNSON a "faggot" to other co-workers on at least two occasions.

14       20.   Upon information and belief, Caren Kolb made the allegation of harassment.

15       21.   In July 2009 JOHNSON was told that the decision regarding the situation in Los

16   Angeles had been made and Baker scheduled a meeting to discuss the outcome.  JOHNSON was

17   surprised that the investigation had been completed, since JOHNSON still had not spoken with

18   anyone from ALLEGIANT's management or human resources about the facts.

19       22.   Despite notification that ALLEGIANT's human resources would be participating in a

20   meeting on July 6, 2009, only Baker met with JOHNSON.  Baker told JOHNSON that Maurice

21   Gallagher, CEO and Andrew Levy, COO had decided that JOHNSON had indeed made

22   homosexual comments and gestures in Los Angeles that were inappropriate and that Baker had

23   convinced them not to fire JOHNSON but he would have to give JOHNSON a "final formal

24   written notice."  Baker stated he would have that notice for JOHNSON the following day.

25       23.   Upon information and belief, ALLEGIANT executives discussed their intent to

26   terminate JOHNSON with specific reference to his sexual orientation.

27       24.   JOHNSON received a final formal counseling notice the following day, which gave no

THE FIRM, P.C.
200 EAST CHARLESTON BLVD., LAS VEGAS, NV 89104

1   specifics but insisted that he stop doing what was "offensive." No explanation was ever

2   provided to JOHNSON of what constituted "offensive" behavior.

3       25.   On August 21, 2009, Mr. Baker announced that he would be leaving the company very

4   suddenly. Mr. Neil Weingarten was also terminated on this day. JOHNSON spoke with Baker

5   on Tuesday August 25, 2009. During this meeting Baker explained that he thought JOHNSON

6   was a very smart man and that JOHNSON had done everything possible to remediate the

7   complaint and that JOHNSON was doing a good job in that regard.

8       26.   JOHNSON left on vacation August 26, 2009. During JOHNSON's vacation he was

9   informed via phone that there would be a change in the administrative levels and he would report

10   to new managers.

11      27.   JOHNSON returned to work on September 8, 2009 and was told that alleged

12   complaints had been made in his absence and were "substantiated" while he was on vacation and

13   that they had decided to move forward with termination.

14      28.   ALLEGIANT's managers refused to explain the substance of any complaints, and

15   refused to allow JOHNSON to discuss anything.

16      29.   When he returned for his personal belongings, an ALLEGIANT manager explained to

17   him that the comments and gestures were about JOHNSON's homosexual lifestyle and that those

18   were unacceptable.

19      30.   After receiving this information, JOHNSON filed a complaint with the Nevada Equal

20   Rights Commission.

21      31.   Defendant, its agents' and employees' sexually discriminatory conduct created a work

22   environment extremely detrimental to Plaintiff's emotional and physical health, interfered with

23   Plaintiff's work performance, and caused him acute emotional distress.

24      32.   The aforementioned acts and conduct by Defendant, its agents and employees were

25   intentional, willful, wanton, malicious, and outrageous.

26   //

27   //

THE FIRM, P.C.
200 EAST CHARLESTON BLVD., LAS VEGAS, NV 89104

**FIRST CAUSE OF ACTION**

**(Discrimination and Retaliation under 42 U.S.C. § 2000e)**

33.   Plaintiff incorporates and re-alleges paragraphs 1 through 20 as if fully rewritten herein.

34.   The above discriminatory and retaliatory pattern and practice by defendant, its agents and employees violates *Title VII of the 1964 Civil Rights Act*, 42 U.S.C. § 2000e.

35.   Plaintiff engaged in a protected activity, suffered an adverse employment action and there was a causal link between his activity and the employment decision.

36.   As a direct and proximate result of said acts, plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, and has suffered and continues to suffer distress, humiliation, great expense, embarrassment, and damage to his reputation.

**SECOND CAUSE OF ACTION**
**(Discrimination and Retaliation under NRS 613.330)**

37.   Plaintiff incorporates and re-alleges paragraphs 1 through 30 as if fully rewritten herein.

38.   The actions of Defendant, its agents and employees, violated the Nevada Revised Statutes 613.330.

39.   As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, and has suffered and continues to suffer distress, humiliation, great expense, embarrassment, and damage to his reputation, all to Plaintiff's damage in an amount to be determined.

40.   The acts theretofore complained of were intentionally done by Defendants and were done with malice and oppression, and, as a result, Plaintiffs request an award of punitive damages in an amount in excess in an amount to be determined.

**THIRD CLAIM FOR RELIEF**
**(Negligent Infliction of Emotional Distress)**

41.   Plaintiff incorporates and re-alleges paragraphs 1 through 34 as if fully rewritten herein.

42.   The actions of defendant, its agents and employees constitute negligent infliction of emotional distress upon plaintiff.

43.   As a direct and proximate result of said acts, plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, and suffered and continues to suffer distress, humiliation, great expense, embarrassment, and damage to his reputation.

### FOURTH CAUSE OF ACTION
### (Negligent Hiring, Retention or Supervision)

44.   Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

45.   Defendant ALLEGIANT had a duty to properly supervise the employees.

46.   Defendant breached their duty to supervise when the supervisors, failed to take corrective action, impose and regulate standards for sexual orientation discrimination at ALLEGIANT.

47.   As a direct and proximate result of Defendant's negligent supervision, JOHNSON has suffered, and will continue to suffer, emotional distress and psychological trauma impairing his daily life, all to his damage in a sum exceeding $10,000.

48.   Due to the Defendants' conduct, Plaintiffs were forced to retain the law firm of THE FIRM, P.C. to prosecute this action, and therefore are entitled to an award of reasonable attorney's fees and costs of suit incurred herein.

…

WHEREFORE, Plaintiffs are entitled to judgment in their favor and against Defendant, jointly and severally, as follows:

1.  For an award of past and future damages, including damages for past and future lost wages and benefits, anxiety, emotional distress, and suffering;

2.  For all costs and all attorneys' fees incurred and accrued in these proceedings;

3.  For interest thereon at the legal rate until paid in full;

THE FIRM, P.C.
200 EAST CHARLESTON BLVD., LAS VEGAS, NV 89104

1    4.  For punitive and compensatory damages in an amount to be determined by this court; and

2    5.  For such other and further relief as the Court may deem just and proper.

### JURY DEMAND

Plaintiff demands that all issues in this case be tried by a jury in accordance with the Seventh Amendment of the United States Constitution and Rule 38 of the Nevada Rules of Civil Procedure.

Dated this 2nd of January, 2012.

THE FIRM, P.C.

RYAN ALEXANDER
Nevada Bar No. 10845
200 East Charleston Blvd.
Las Vegas, NV 89104
Phone: (702) 222-3476
Fax: (702) 252-3476
*Attorney for Plaintiff*

# EXHIBIT B

1  **REMV**
   Paul Swen Prior
2  Nevada Bar No. 9324
   Holly E. Cheong
3  Nevada Bar No. 11936
   SNELL & WILMER L.L.P.
4  3883 Howard Hughes Parkway, Suite 1100
   Las Vegas, Nevada 89169
5  Telephone: (702) 784-5200
   Facsimile: (702) 784-5252
6  Email: sprior@swlaw.com
   Email: hcheong@swlaw.com
7
   Attorneys for Defendant
8  Allegiant Air, LLC

9                    DISTRICT COURT

10             CLARK COUNTY, NEVADA

11  BRIAN JOHNSON, an individual          CASE NO.   A-12-654089-C
12                                        DEPT. NO.  I
                      Plaintiff,
13                                        **NOTICE OF REMOVED ACTION**
    v.
14
    ALLEGIANT AIR. LLC; a Nevada
15  Limited Liability Company and DOES I
    through X, inclusive, and ROE
16  CORPORATIONS I-X, inclusive
17
    .                 Defendant
18

19  TO:   **THE HONORABLE JUDGES OF THE ABOVE-ENTITLED COURT, THE**

20        **CLERK OF THE DISTRICT COURT, AND ALL PARTIES HERETO AND**

21        **THEIR ATTORNEYS.**

22        PLEASE TAKE NOTICE that Defendant ALLEGIANT AIR, LLC, through their

23  undersigned counsel, has removed this action to the United States District Court for Nevada

24  pursuant to 28 U.S.C. § 1441(b) and § 1446.

25  / / /

26  / / /

27  / / /

28  / / /

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1     A true and correct copy of the Petition for Removal filed in the United States District

2  Court for Nevada is attached as **Exhibit A**.

3     Dated: March 2, 2012     SNELL & WILMER L.L.P.

5              By: /s/ Holly Cheong
6                  Paul Swen Prior
                  Nevada Bar No. 9324
7                  Holly E. Cheong
                  Nevada Bar No. 11936
8                  3883 Howard Hughes Parkway, Suite 1100
                  Las Vegas, NV 89169

9                  Attorneys for Defendant
                  Allegiant Air, LLC

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

**CERTIFICATE OF SERVICE**

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On this date, I caused to be served a true and correct copy of the foregoing **NOTICE OF REMOVED ACTION** by the method indicated below:

| | | | |
|---|---|---|---|
| XXXXX | U.S. Mail | _____ | Overnight Mail |
| _____ | U.S. Certified Mail | _____ | Federal Express |
| _____ | Facsimile Transmission | _____ | Hand Delivery |
| _____ | Electronic Service | | |

and addressed to the following:

Ryan Alexander
THE FIRM, P.C.
200 East Charleston Blvd.
Las Vegas, NV 89104
Phone: (702) 222-3476
Facsimile: (702) 252-3476

DATED this 2nd day of March, 2012.

*Sandra L Sell*

An Employee of Snell & Wilmer L.L.P.

14597235

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000